**Entered on Docket**
**October 02, 2009**

Hon. Bruce A. Markell
United States Bankruptcy Judge

STEFANIE H. CLEMENT, ESQ.
Nevada Bar No. 6255
9960 W. Cheyenne Ave., Suite 190
Las Vegas, NV 89129
sclement@clementlawoffices.com
(702) 341-6997
Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEVADA

In re:

LELAND JOSEPH WILLSON and
DOLORES WILLSON,

Debtors.

BK-S-08-20024-BAM
Chapter 13

Date of Hearing:  09/17/09
Time of Hearing:  3:30 P.M.

### ORDER GRANTING MOTION TO APPROVE SALE OF VEHICLE

There being no objection by the Chapter 13 Trustee or any creditor in the above-referenced case, and

After reviewing the pleadings, evidence, records, and documents on file herein and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. That the sale of the Debtor's 2006 Sea Doo Bombardier Jet Ski ID # YD01699A606. As set forth in Debtor's motion is hereby approved.

1

Y:\Stef\Bankruptcy\Willson Contract\lelandorder.wpd

1        2.      That the proceeds of sale in the amount of $6,684.29 shall be paid to secured creditor GE

2    Money Bank.

3        3      That the Debtors be allowed to sign any and all documents to complete the sale of the Jet

4    Ski.

5

6    Submitted by:

7    STEFANIE H. CLEMENT, P.C.

8

9    By /s/  Stefanie H. Clement
      **STEFANIE H. CLEMENT, ESQ.**
      Attorney for Debtor
10    9960 W. Cheyenne Ave., Suite 230
      Las Vegas, Nevada 89129
11

12   **APPROVED AS TO FORM AND CONTENT**

13

14   By _____  9-25-09
      RICK A. YARNALL
15   Chapter 13 Trustee
      701 Bridger Ave., #820
16   Las Vegas, NV 89101

17

18

19

20

21

22

23

24

25

26

27

28                    2         Y:\Stef\Bankrupty\Willson.Consuelo&Leland\order.wpd

ALTERNATIVE METHOD re: RULE 9021:

    ☐ The court waived the requirements of approval under LR 9021.

    ☐ No parties appeared or filed written objections, and there is no trustee appointed in this case.

    ☐ I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

(2)    No language other than "approved" or "disapproved" may appear above opposing counsel's signature; and

(3)    Unless the court orders otherwise, "opposing counsel" means any attorney who appeared at the hearing regarding the matter that is the subject of the order or who filed objections.

(4)    Variations from the certification language indicated in paragraph (c)(1) may be cause for returning the draft order unsigned by the court.

(d) Orders on applications or motions for which no hearing is held, and no objections are received . If a party requests an order on an application or motion, but did not schedule a hearing on the motion or application, relying instead on the absence of any objection to the requested relief, the party must also submit, with the proposed order, a declaration or affidavit containing the following:

(1)    A summary of why a hearing is not necessary in the matter;

(2)    A statement of how and when notice of the application or motion was served, and a list of those entities served; and

(3)    A statement that the declarant or affiant has not received and knows of no objections to the relief requested as of the time the proposed order was submitted.

NONE

No opposition was filed to the motion and no other party or counsel appeared at the hearing.

Trustee, Rick A. Yarnall

Approved _____ Disapproved _____ Failed to Respond _____

# # #

3

Y:\Staf\Bankrupty\Willson,Consuelo&Leland\order.wpd